Donnie R. Cox, SBN 137950
Law Office of Donnie R. Cox
402 North Nevada Street
Oceanside, CA 92054-2025
Telephone (760) 400-0263, Facsimile (760) 400-0269
drc@drcoxlaw.com

Paul W. Leehey, SBN 92009
Law Office of Paul W. Leehey
250 E. Fig Street, Ste. 501
Fallbrook, CA 92028
Telephone (760)723-0711, Facsimile (760)723-6533
law@leehey.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BENAVIDEZ, HEATHER BENAVIDEZ, J.C.B. a minor and A.J.B. a minor by and through their Guardian Ad Litem, DIANA BENAVIDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY, POLINKSY CHILDREN'S CENTER; JENNIFER LISK, BENITA JEMISON, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'18CV0558 CAB AGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**JURY TRIAL REQUESTED** |

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to seek redress for Defendants' actions taken under color of law. Defendants' conduct deprived Plaintiffs of their fundamental constitutional rights secured to them under the United States Constitution, including the Fourth and Fourteenth Amendments, and under federal and applicable state law protected thereby.

2. Jurisdiction is conferred by 28 U.S.C. §§ 1343(a)(b) and 1343(a)(4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred by 28 U.S.C. § 1331 because the claims for relief derive from the United States Constitution and the laws of the United States.

3. The acts and omission complained of herein occurred in the County of San Diego, and it is believed that all living parties resided in the County of San Diego within the Southern District of California at the time of the occurrences herein.

4. Plaintiff, individually, makes the following allegations and claims upon personal belief, investigation of their counsel and on information and belief.

## THE PARTIES

5. At all times relevant to this Complaint, Plaintiffs JOHN BENAVIDEZ (JOHN), HEATHER BENAVIDEZ (HEATHER) (and hereinafter collectively "PARENTS"), and J.C.B, a minor and A.J.B, a minor (hereinafter collectively "MINORS"), were residents of San Diego County, California. Application has been made to appoint DIANA BENAVIDEZ as the Guardian ad Litem for the minors, J.C.B, and A.J.B. in this action.

6. At all times mentioned herein, the COUNTY OF SAN DIEGO was and is a public entity (hereinafter the "COUNTY").

7. At all times mentioned herein, the SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY (hereinafter "HHSA") was and is a subdivision or entity of the COUNTY OF SAN DIEGO.

8. At all times mentioned herein, the POLINSKY CHILDREN'S CENTER (hereinafter "PCC") was and is a subdivision or entity of the COUNTY OF SAN DIEGO.

9. At all times mentioned herein, Defendant JENNIFER LISK (hereinafter "LISK") was an officer, agent, and employee of COUNTY OF SAN DIEGO and its SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY.

10. At all times mentioned herein, Defendant BENITA JEMISON (hereinafter "JEMISON") was an officer, agent, and employee of COUNTY OF SAN DIEGO and its SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY.

11. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained or upon proof of the same at the time of trial. Each of the fictitiously named COUNTY Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiffs in that their conduct caused the damages and injuries set forth herein.

12. Plaintiffs are informed and believes and, based upon such information and belief, alleges that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

13. Plaintiffs are informed and believes and, based upon such information and belief, alleges that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-Defendants, and each of them, acted at all relevant times herein under color of the authority of a governmental entity under the statues, ordinance, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

14. Commencing on or about March 18, 2016, and continuing thereafter until the close of the Juvenile Court case, the aforesaid named Individual Defendants in this cause of

action, and Does 1-50, Inclusive, and each of them, as alleged herein, were acting under color of state law while conducting investigations and proceedings, including a juvenile dependency investigation pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code.

15. Whenever this Complaint makes reference to any act of Defendants, such allegations shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, who did or authorized such acts while actively engaged in the operation, management direction or control of the affairs of Defendants (or any of them) and who agreed upon, approved or ratified each other's conduct, or otherwise conspired together to commit all of the acts and/or omissions alleged herein.

**COMMON ALLEGATIONS**

16. This action arises during an investigation and proceedings of a juvenile dependency investigation pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code initiated or conducted by Defendants, COUNTY OF SAN DIEGO (hereinafter "COUNTY"), also known as, or referred to as, SAN DIEGO HEALTH AND HUMAN SERVICES AGENCEY (hereinafter "HHSA") and POLINSKY CHILDREN'S CENTER (hereinafter "PCC") regarding the subject minors, and affecting their parents.

17. At all applicable time Plaintiffs MINORS J.C.B. and A.J.B. resided with their mother HEATHER and their father JOHN.

18. On or about March 18, 2016 COUNTY through its HHSA social workers and supervisors obtained a court order to temporarily remove JOHN and HEATHER's minor children JC.B., and A.J.B. from their parents. Nothing in that order addressed medical or examinations of those minors.

19. On or about March 18, 2016 Plaintiff Minors, J.C.B. and A.J.B. were taken from their parents by COUNTY HHSA social worker Defendant LISK, with the concurrence and supervision of her supervisor Defendant JEMISON, and DOES 1-50, and taken to

POLINKSY where they remained until on or about March 23, 2016 when released from POLINSKY. At this time, the minors were healthy, exhibited no signs of abuse, showed no signs of any type of injury, and were not in need of urgent medical attention. Moreover, there were no allegations that any of the minor were physically or sexually abused.

20. On or about March 21, 2016, Dependency proceeding was held in Juvenile Court where COUNTY'S HHSA's Detention Report and Dependency Petition were submitted by HHSA for the Court's review. Nowhere was the subject of conducting medical procedures, including examinations, referenced in the Detention Report or Petition, and there was no discussion of the children being submitted to medical procedures, including examinations, much less at POLINSKY, during the Dependency proceedings.

21. Plaintiffs are informed and believed that Defendant LISK with the concurrence, supervision and knowledge of Defendant JEMISON and Does 1-50, took and/or directed Plaintiff Minors, J.C.B. and A.J.B. to be taken to POLINSKY's medical facility where medical procedures, including examinations were conducted to J.C.B. and A.J.B.; which examinations, Plaintiffs are informed, included, but may not be limited to, a full body inspection including their genital and/or anal areas, involved obtaining urine to test, drawing blood and/or vaccinations (the full extent and nature of the medical procedures, including examinations are subject to further discovery).

22. These medical procedures, including examinations, were performed without cause, without parental knowledge or consent, were conducted in the absence of exigent circumstances and/or any need for urgent medical attention, and were conducted without valid Court order after application and notice and opportunity to be heard by the Minor's Parents.

23. Plaintiff Parents were not notified of their minor children's medical procedures, including examination, conducted to J.C.B. and A.J.B. while at POLINSKY, at all. No one attempted to obtain Plaintiffs Parents' consent, and they were completely excluded from their children's medical procedures, including examinations, and were not allowed

to be in the nearby vicinity. No attempt was made to obtain the Plaintiff Parent's consent or to notify them when and where said medical procedure, including examinations, would occur and whether they could be present. No attempt was made to obtain their children's medical and health history before the medical procedures, including examinations, occurred.

24. Plaintiffs are informed and believe that Defendants LISK and JEMISON, and DOES 1 to 50 knew that said minors would be subjected to medical procedures, including examinations, when they took, or had the minors taken to POLINSKY CHILDREN'S CENTER, but failed to ask their consent or inform Plaintiff Parents of said medical procedures, including examinations before they would occur.

25. The medical procedures, including examinations, of Plaintiffs minors were performed pursuant to the COUNTY's policies, procedures, customs and/or practices. The COUNTY performs medical procedures, including examinations, on every child that is admitted to POLINSKY. The COUNTY's policies, procedures, practices and/or customs permit or allow these medical procedures, including examination, to be conducted without parental notice or consent and without an urgent medical need or to preserve evidence; and without informing parents of the medical procedure, including examination; and excluding parents from attending such medical procedure, including examinations, when they occur.

26. Plaintiffs are informed that the medical procedures, including examinations, of Plaintiff Minors found no evidence of abuse of any kind and concluded that they appeared healthy and well.

27. Plaintiffs are informed and believes COUNTY, through its HHSA named social worker Defendants collaborated with other social workers, County employees, doctors, medical providers and others (Does 1 to 50) who participated in conducting or allowing to be conducted unwarranted, non-consensual and non-emergent medical procedures, including examinations, of children at POLINSKY, a COUNTY operated facility, and

without the minors' parents' presence, all of which constitutes a traditional government function performed as state actors.

28. The right to family association includes a parent's right to make important medical decisions for their children, rather than the state (see *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000) and cases thereafter). That right includes controlling the nature and scope of any medical procedures, including examinations, that are conducted to their child. Absent parental consent, valid court order, or exigent circumstances, medical procedures, including examinations, of a parent's child, may not be undertaken at the behest of state officials.

29. Parents also have a constitutional right to be with their children while they are receiving medical attention or to be in close proximity while all or in part of the medical procedures, including examination, are being conducted. (see *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000) and cases thereafter).

30. The right of parents to make medical decisions about their children and to be present during their children's medical procedures, including examination, in the absence of a valid warrant, or order, parental consent, or emergency, and with parental presence, was clearly established by at least 2000, and COUNTY, and individual Defendants LISK and JEMISON, and DOES 1 through 50, would know the aforementioned actions, or lack thereof, violated Plaintiffs' constitutional rights.

**FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 BY PLAINTIFFS AS AGAINST INDIVIDUAL DEFENDANTS LISK, JEMISON, AND DOES 1-15 (UNLAWFUL AND WARRANTLESS MEDICAL PROCEDURES, INCLUDING EXAMINATIONS OF PLAINTIFF MINORS, AND EXCLUSION OF PARENTS)**

31. Plaintiffs allege, and to the extent applicable, incorporates here as if set forth in full, Paragraphs 1 through 30.

32. Plaintiffs are informed and believe that during the aforesaid investigations and proceedings, the aforesaid named Individual Defendants LISK, JEMISON and Does 1

through 50, Inclusive, and each of them, as alleged herein, knew and agreed, and thereby conspired, to cause and allow Plaintiff minors to be subjected to unlawful medical procedures, including examinations, without proper and just warrant after due process, without reasonable just cause, without parental consent or presence, without exigency, and without urgent medical need or need to preserve evidence, while at COUNTY'S POLINSKY CHILDREN'S CENTER, (i.e. see *Wallis v Spencer*, 202 F.3rd 1126 (9th Cir. 2000); doing so with deliberate indifference to the rights of Plaintiffs.

33.  The aforesaid conduct by the named Individual Defendants in this cause of action, and Does 1 through 50, Inclusive, and each of them, as alleged herein, conspired to interfere with and violate the civil rights of Plaintiffs, as set forth under 42 U.S.C. §1983, including violation of the Plaintiffs' minors' rights found in the Fourth Amendment and all Plaintiffs' rights found in Fourteenth Amendment of the United States Constitution, including by, but not limited to, acting, conspiring and allowing and causing, Plaintiff minors to be subjected to unlawful medical procedures, including examination, without valid warrant or order  after due process and notice and opportunity to be heard, without reasonable and just cause, without parental consent or presence, without exigency, and without urgent medical need or need to preserve evidence, which said Defendants knew, or should have known, was clearly established and in violation of, and interference with, Plaintiffs' constitutional liberty interest including their right to familial association (including the right to have a parent present during said procedures), and their procedural due process (including notice and opportunity to be heard) rights under the Fourteenth Amendment, and in violation of Plaintiff Minors' Fourth Amendment rights against unreasonable searches and seizures.

34.  As a direct result of the aforesaid conduct of the aforesaid named Individual Defendants in this cause of action, and Does 1 through 50, Inclusive, and each of them, as alleged herein, violations, and in accordance with 42 U.S.C. § 1983, Plaintiffs civil rights were violated in that they has suffered, and will continue to suffer, damages, including, but not limited to, constitutional injury, violation of human dignity, physical and/or

mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in this matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

35. Said conduct of the aforesaid named Individual Defendants in this cause of action, LISK, JEMISON and Does 1 through 50, Inclusive, and each of them, as alleged herein, wrongful conduct as herein alleged was intentional, done with malice, and/or with conscious disregard for the rights of the Plaintiffs, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from each said individual Defendants' wrongful acts or omissions for the purposes of punishing said Defendants and to deter others from such conduct in the future.

## SECOND CAUSE OF ACTION – *MONELL* RELATED CLAIMS BY PLAINTIFFS AGAINST COUNTY, AND ITS HEALTH AND HUMAN SERVICES AGENCY AND POLINSKY CHILDREN'S CENTER

36. Plaintiffs reallege, adopts, and incorporates as if set forth at length and to the extent applicable, Paragraphs 1 through 35.

37. At all relevant times herein, Defendants COUNTY, including through its HHSA, and POLINSKY CHILDREN'S CENTER, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, including those under the Fourth and Fourteenth Amendments; including, but not limited to:

    a. The policy of causing medical examinations, treatment and/or procedures of a minor child without the knowledge, consent, presence and/or authorization of the parent(s) or legal guardians, and without exigency (imminent danger of serious bodily harm), without medical need or urgency, and without valid court order (including without proper application, notice and opportunity to be heard, and due process to their parents;

b. The policy of not allowing the rights of children and parents to have a parent to be present at their minor child's medical procedures, including physical examinations and/or treatment while at POLINKSY.

c. The policy of obtaining, and using, Orders for examinations of children without due process of law, including after providing notice and opportunity to be heard.

d. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, and under California law, which protects such rights in regards to the medical procedures, including examinations of children at POLINKSY.

e. By acting with deliberate indifference in implementing a policy of failing to correct, counsel and /or discipline its officers, agents and employees, for violating the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, and under applicable California law, in regards to the medical procedures, including examinations of children at POLINKSY.

(The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records, which are subject to access, use, and/or disclosure pursuant to California Welf. & Inst. Code §§ 827 & 828 and as the depositions of the person most knowledgeable for COUNTY have not been taken.)

38. The COUNTY knew from the Ninth Circuit Rulings in *Wallis v. Spencer,* 202 F.3d 1126 (2000) and *Greene v. Camreta*, 588 F.3d 5011 (9th Cir.2009), that a parent had the right to make important medical decisions for their children, including the nature and scope of any medical procedures, including examinations, that are conducted to their

child without unjustified governmental interference; and that parents had the right to be present during their child's physical and medical examination; and that the medical procedures, including examinations, of children at POLINSKY without parental consent, parental presence, exigency, urgent medical condition, preservation of evidence, or with valid court order (after due process is provided) violated a family's (parents and children's) constitutional rights. Despite this knowledge, the COUNTY failed to establish policies, procedures, practices and/or customs to ensure protection of those rights of children and parents and to allow parents and children their rights to have the parents attend their child's medical procedures, including examination, at POLINSKY.

39.     Defendants COUNTY, including its POLINSKY and H.H.S.A. as agents of the COUNTY, had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control, review, counsel and discipline the activities of all agents, officers and employees in their employ; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause the injures and damages alleged herein.

40.     COUNTY breached its duties and obligations to Plaintiff, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, practices and/or customs; by failing to properly select, supervise, train, control, review, counsel and discipline their agents and employees as to their compliance with Constitutional safeguards; and by permitting named Defendants, and Does 1 through 50, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

41.     Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be

injured and damaged by their wrongful "policies" and acts, or lack thereof, as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiff.

42.  These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiff as alleged herein; and as a result thereof, Plaintiff has sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988; to an extent and in an amount subject to proof at trial.

43.  Plaintiffs are informed and believe that the policies, procedures, practices, customs, actions or inactions of Defendant COUNTY as alleged herein will continue, and will harm the rights of Plaintiffs and children, parents and families similarly situated unless and until enjoined from doing so; and hereby make application for such relief.

## PRAYER

WHEREFORE, Plaintiff request trial by jury and prays judgment against the Defendants as follows

**FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 BY PLAINTIFFS AS AGAINST INDIVIDUAL DEFENDANTS LISK, JEMISON, AND DOES 1-50 (UNLAWFUL AND WARRANTLESS MEDICAL PROCEDURES, INCLUDING EXAMINATIONS OF PLAINTIFF MINORS, AND EXCLUSION OF PARENTS)**

1. General damages and special damages according to proof;
2. Injunctive Relief;
3. Punitive Damages against the individual Defendants only.
4. Attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988, and any other appropriate statute;
5. Costs of suit incurred herein;
6. For a Jury Trial on all issues; and
7. Such further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION – MONELL RELATED CLAIMS BY PLAINTIFFS AGAINST COUNTY, AND ITS HEALTH AND HUMAN SERVICES AGENCY AND POLINSKY CHILDREN'S CENTER

1. General damages and special damages according to proof;
2. Injunctive Relief;
3. Attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988, and any other appropriate statute;
4. Costs of suit incurred herein;
5. For a Jury Trial on all issues; and
6. Such further relief as the Court deems just and proper.

DATED: March 16, 2018        LAW OFFICE OF PAUL W. LEEHEY

                                      _____*s/Paul W. Leehey*_____
                                    PAUL W. LEEHEY, Attorney for Plaintiffs