UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John BENAVIDEZ, Heather Benavidez, J.C.B., and A.J.B.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-cv-0558-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF 52)** |

　　　　Plaintiffs seek an order approving a proposed settlement of the minors' claims. Because the settlement serves the minors' best interests, the Court recommends that the motion to approve the minors' settlement be granted.

## BACKGROUND

　　　　This § 1983 action arises from allegations of an unconstitutional physical examination of the minors J.C.B. and A.J.B. (ECF 52, at 2.) Plaintiffs allege defendants Jennifer Lisk and Benita Jemison misrepresented facts to the Juvenile Court to obtain an order for the physical examinations, and then failed to notify the minors' parents of the examinations. (*Id.*) Although the minors suffered emotional and mental distress, they did not need or receive psychological or psychiatric treatment because of defendants' actions. (*Id.*)

　　　　Plaintiffs' petition provides that the two minors will each receive $10,000, deposited into separate blocked accounts at Kirtland Federal Credit Union. (*Id.* at 5.) Once each minor turns 18, the depository will be directed to pay the balance to that minor. (*Id.*)

## DISCUSSION

　　　　District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is

required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint and the parties' briefing as well as holding the Early Neutral Evaluation, the Court is intimately familiar with this case's facts and legal issues. Although plaintiffs' case appeared strong, defendants had several potential defenses. Plaintiffs' *Monell* claims were dismissed (*see* ECF 42, at 36), and the surviving § 1983 claim faces an uphill battle to prove judicial deception (*see id.* at 18 ("To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding . . . ." (quoting *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004))). With that in mind, the Court recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

Moreover, the minors' recovery in this case is reasonable considering those approved in similar cases. *See, e.g.*, *Mann v. Cty. of San Diego*, No. 11-cv-0708-GPC, 2020 U.S. Dist. LEXIS 33917, at *4 (S.D. Cal. Feb. 26, 2020) (approving payment of $50,000 per minor for minors subjected to invasive medical exams without parental consent); *Reynolds v. Cty. of San Diego*, No. 11-CV-1256-JAH-AGS, 2020 WL 4013337, at *1 (S.D. Cal. July 8, 2020) (approving payments of $35,000 and $25,000 to minors who were removed from their parents and subjected to physical exams), *report and recommendation adopted*, No. 11-CV-1256-JAH (AGS), 2020 WL 3971598 (S.D. Cal. July 14, 2020); *Bruno v. Cty. of Los Angeles*, No. SACV 17-01301-CJC(JEx), 2019 U.S. Dist. LEXIS 227883, at *12 (C.D. Cal. July 18, 2019) (approving payments of $60,000 per minor for minors who were removed from their parents' custody and subjected to medical examinations and vaccinations without a warrant or parental consent).

While the payments to J.C.B. and A.J.B. are lower than awards in similar cases, the settlement is still reasonable "in light of the facts of the case." *Robidoux*, 638 F.3d at 1182. J.C.B. and A.J.B. have only a single claim: an unconstitutional physical examination. (*See* ECF 42, at 36.) They do not allege that the removal from their parents was itself a violation of their rights (*see* ECF 18, at 14-16), and their *Monell* claim has been dismissed (*see* ECF 42, at 36). Conversely, the minors in *Mann* still had a viable *Monell* claim as well as state law claims. *See Mann*, No. 11-cv-0708-GPC, ECF 370, at 2-3. In *Reynolds*, the minors had assault, battery, and false imprisonment claims as well as *Monell* and § 1983 claims. *Reynolds*, No. 11-CV-1256-JAH-AGS, ECF 90. And in *Bruno*, the minors had § 1983 claims "for unwarranted seizure, unwarranted medical examination, and unwarranted vaccinations," as well as a live *Monell* claim. *Bruno*, 2019 U.S. Dist. LEXIS 227883 at *7. Thus, the payments to J.C.B. and A.J.B. are reasonable considering the relatively fewer and comparatively less serious allegations.

Accordingly, the Court recommends:

1. The motion to approve the settlement be **GRANTED**.
2. The compromise and settlement of the claims of the minors J.C.B. and A.J.B. be approved as fair and reasonable and in the best interests of the minor plaintiffs.

By February 28, 2022, the parties must file any objections to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: February 14, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge